**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4926**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

JOSE MARIA BELTRAN VALDERRAMA, a/k/a Chema,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00200-NCT-1)

Submitted:  February 25, 2010        Decided:  March 18, 2010

Before KING, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Maria Beltran Valderrama pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). The district court calculated Valderrama's Guidelines range at 210 to 262 months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") (2007 & Supp. 2008), and sentenced Valderrama to 235 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in sentencing Valderrama. Valderrama has filed a pro se supplemental brief, challenging the procedural reasonableness of his sentence. We affirm.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for review. Because Valderrama did not move in the district court to withdraw his guilty plea, the adequacy of the Fed. R. Crim. P. 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the transcript of the plea hearing leads us to conclude that the district court substantially complied with the mandates of Rule 11 in accepting Valderrama's guilty plea and that the court's omissions did not affect Valderrama's substantial rights.

2

Critically, the transcript reveals that the district court ensured the plea was supported by an independent factual basis and that Valderrama entered the plea voluntarily and with an understanding of the consequences. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Accordingly, we discern no plain error.

Turning to Valderrama's sentence, we review it under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising

3

[its] own legal decisionmaking authority."  Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51.  Even if we would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'"  United States v. Pauley, 511 F.3d 468, 474 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).  This court presumes on appeal that a sentence within a properly calculated Guideline range is reasonable.  See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Valderrama's first claim challenges the district court's calculation of his base offense level on the basis that the court erred in relying on the drug quantity included in the presentence report ("PSR").  Under USSG § 1B1.3(a)(1)(B), in determining the proper base offense level to apply to a defendant involved in a drug conspiracy, the defendant is responsible not only for his own acts, but for all "reasonably foreseeable" acts of his co-conspirators taken in furtherance of the joint criminal activity.  See United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999).  If the district court relies on the drug quantity included in the PSR, the defendant bears the burden of establishing that the information is incorrect.

4

Id. at 210-11. Because Valderrama did not object below, the district court's determination of the relevant drug quantity attributable to him is reviewed for plain error. United States v. White, 405 F.3d 208, 215 (4th Cir. 2005).

Our review of the record leads us to conclude that the district court did not err in determining the drug quantity attributable to Valderrama, as the PSR indicates that one of his co-conspirators directed another to traffic cocaine from North Carolina to Virginia. Valdrerrama offers no reason why the facts in the PSR should not be accepted as true. Accordingly, we discern no plain error.

Next, both counsel and Valderrama question whether the district court erred in its application of the two-level enhancement for possession of a firearm. According to USSG § 2D1.1(b)(1), a district court is to increase a defendant's base offense level two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1(b)(1), cmt. n.3 (emphasis added). The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010)

(internal quotation marks omitted). We review the district court's application of this enhancement for clear error. See United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). Our review of the sentencing transcript leads us to conclude that the district court did not clearly err in applying the enhancement, as the testimony indicates that the firearm at issue was recovered from a residence where members of the conspiracy furthered their drug trafficking offenses.

Valderrama also questions whether the district court erred in enhancing his offense level three levels under USSG § 3B1.1(b) for his role in the offense. A defendant qualifies for a three-level enhancement if he "was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b). "Leadership over only one other participant is sufficient as long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003). Because Valderrama did not object to the district court's application of the enhancement, Valderrama's challenge is reviewed for plain error. White, 405 F.3d at 215. After reviewing the PSR, we conclude that it was sufficient to establish that Valderrama was a manager of criminal activity that involved over five participants. The district court properly applied the role enhancement.

Further, we conclude that the district court did not otherwise commit procedural error in imposing Valderrama's sentence. The district court made an individualized assessment of relevant sentencing factors, and counsel and Valderrama fail to overcome the presumption of reasonableness afforded his within-Guidelines sentence. We therefore conclude that the district court did not abuse its discretion in imposing the sentence.

We therefore affirm the district court's judgment. This court requires that counsel inform Valderrama, in writing, of the right to petition the Supreme Court of the United States for further review. If Valderrama requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Valderrama.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED